UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CMG WORLDWIDE, INC., | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) 12 CV 2058 |
| THE ESTATE OF MARILYN MONROE, LLC, | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY RELIEF AND FOR SANCTIONS

Comes now Plaintiffs CMG WORLDWIDE, INC. (hereinafter "CMG"), by counsel, Bonnie Mohr, and for its Complaint for Declaratory Relief and for Sanctions (hereinafter the "Complaint") as against Defendant THE ESTATE OF MARILYN MONROE, LLC (hereinafter the "Defendant"), CMG would respectfully show the court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    CMG is a corporation duly organized and existing under the laws of the State of Indiana with its principal office at 10500 Crosspoint Boulevard, Indianapolis, Indiana 46256.

2.    Defendant is, upon information and belief, a Delaware limited liability company with its worldwide headquarters in New York, New York at 100 West 33rd Street, Suite 1007, New York, New York 10001.

3.    CMG is a celebrity licensing agency, recognized around the world as agent and representative for such internationally recognized celebrities, photographers, and brands as James Dean, Pamela Anderson, Tommy John, Jackie Robinson, George Barris, Andre DeDienes, the

National Baseball Hall of Fame, and the State of New York.

4.  Defendant is, upon information and belief, the purchaser of certain rights, including alleged rights in and to the name and likeness of the late Marilyn Monroe (hereinafter the so-called "Monroe Right of Publicity") by way of a certain Asset Purchase Agreement dated December 30, 2010.  More specifically, upon information and belief, Defendant is the successor in interest to Marilyn Monroe, LLC which was, in turn, successor in interest to the unincorporated and loosely organized entity, the Estate of Marilyn Monroe.

5.  This case involves questions of federal Copyright law and the federal Lanham Act and issues of California, Indiana, and / or New York state statutory and common law.

6.  CMG and Defendant are citizens of different states.  CMG asserts its claims herein pursuant to Rule 13 of the Federal Rules of Civil Procedure and under the Declaratory Judgment Act at 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), 1338(a).  Consequently, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331; this Court also has subject matter jurisdiction over the claims in this Complaint arising under the Copyright Act pursuant to 17 U.S.C. §101 and 28 U.S.C. §1338 and the Lanham Act pursuant to 15 U.S.C. §1051 *et. seq.*

7.  This Court has personal jurisdiction over Defendant because Defendant is located in and transacts business in this judicial district pursuant to 28 U.S.C. § 1391(a).

8.  All conditions precedent to the bringing of this action have occurred or taken place and / or continue to occur.

**FACTUAL BACKGROUND**

9. On or about July 1, 1995, CMG entered into an exclusive representation agreement with MMLLC (hereinafter the "Representation Agreement"), then known as the Estate of Marilyn Monroe.

10. Pursuant to the terms of the Representation Agreement, CMG exclusively represented the intellectual property rights associated with Marilyn Monroe as warranted to be owned by Defendant, including but not limited to the Monroe Right of Publicity.

11. Over in excess of a fifteen (15) year period, and pursuant to the terms and conditions of the agency agreement between CMG and Defendant, CMG negotiated hundreds of agreements for the use of the Monroe Right of Publicity with third party licensees desiring to use the aforesaid right on or in connection with the third-party licensees' goods and / or services.

12. On or about March 17, 2008 and September 11, 2008, the Central District of California in Case Number 2:05-cv-02200-MMM-E and the Southern District of New York in Case Number 05 Civ. 3939 (CM) (collectively the "Monroe Litigation") determined that because Marilyn Monroe was represented by then counsel for the Estate of Marilyn Monroe to be a resident of the State of New York at the time of her death and because the Estate of Marilyn Monroe was probated in the State of New York primarily to avoid California estate tax implications, Defendant was estopped from claiming that there were valid and enforceable post mortem rights of publicity in and to the name, likeness, and / or persona of Marilyn Monroe.

13. One West Publishing, Inc. ("One") is the owner of certain federal copyrights bearing the image of the late internationally recognized model and movie star, Marilyn Monroe, as photographed by the late internationally recognized celebrity photographers, George Barris and Andre De Dienes.

14. CMG expended millions of dollars in the representation of Defendant's interests in the Monroe Litigation; moreover, as partial settlement of a claim against One which claim arose out of similar facts as those associated with the Monroe Litigation, CMG and Defendant entered into an agreement with One by which CMG paid to One Three Hundred Twenty-five Thousand Dollars ($325,000) and, in return, CMG was able to recover the settlement made to One by and through CMG's representation of One as One's licensing agent (the "One Agreement"). See Exhibit 1, the One Agreement.

15. Pursuant to the terms of the One Agreement, CMG licenses One's valid and enforceable federally registered copyrights to third party licensees desiring to use One's copyrighted images of the late Marilyn Monroe (the "One Images") on and / or in association with said third party licensees goods and / or services.

16. CMG's representation of the Monroe Right of Publicity, as warranted by the Defendant continued until Defendant terminated CMG's agency relationship on or about September 9, 2010.

17. Upon receipt of the termination letter, CMG and MMLLC negotiated a termination agreement, the terms of which were reduced to writing and further memorialized by way of formal termination agreement (the "Termination Agreement"). See Exhibit 2, the Termination Agreement.

18. Pursuant to the terms of the Termination Agreement, CMG was to remain One's licensing agent in part to allow CMG the opportunity to recoup the payment made by CMG on behalf of Defendant to One in settlement of the litigation between One and Defendant.

19. On or about February 3, 2011, CMG entered into an agreement with Defendant (hereinafter "Domain Transfer Agreement") whereby CMG transferred ownership of the domain

name www.marilynmonroe.com and the Marilyn Monroe facebook page to Defendant in return for payment of $100,000, agreement that CMG shall retain all royalties paid on existing license agreements for the period September 1, 2010 – December 31, 2010 ($360,000); the Domain Transfer Agreement did not address the One Agreement. See Exhibit 3, the Domain Transfer Agreement dated February 3, 2011.

20. On or about April, 12, 2011, CMG filed litigation in Hamilton Superior Court, Noblesville, Indiana, as against Defendant and others, in part to enforce the terms of the Termination Agreement and the Domain Transfer Agreement.

21. On or about May 13, 2012, CMG entered into a settlement agreement with Defendant (the "Settlement Agreement") whereby CMG settled all claims as to Defendant only as arising under the litigation filed by CMG in Hamilton County, Indiana against Defendant. See Exhibit 4, the Settlement Agreement.

22. Neither the Domain Transfer Agreement nor the Settlement Agreement addressed CMG's representation of One; to the contrary, according to the four corners of the Domain Transfer Agreement and the Settlement Agreement, CMG was permitted to carry on in its representation of One in order to attempt to recoup the monies advanced to One pursuant to the One Agreement on behalf of Defendant.

## NATURE OF THE CONTROVERSY

23. On or about March 8, 2012, CMG received correspondence from counsel to Defendant ("Defendant's Correspondence") according to which Defendant stated it would file suit against CMG should CMG not immediately cease and desist from the licensing, display, promotion, advertisement, marketing, and / or sale of any products or services offered under the

name "MARILYN MONROE" or otherwise infringing the Monroe Right of Publicity and / or anything confusingly similar thereto. See Exhibit 5, Defendant's Correspondence.

24. The claims and demands made in Defendant's Correspondence were made without basis at law or in fact.

25. The demands and threats made in Defendant's correspondence have created an actual justiciable claim or controversy such that declaratory relief represents the appropriate remedy; as such, CMG and One are entitled to declaratory relief in this Case.

## COUNT I
### (Declaration of No Infringement of the Monroe Right of Publicity)

26. CMG restates, realleges, and reiterates its allegations in paragraphs 1. through 25. as if fully set forth herein.

27. Based upon the published decisions in the Monroe Litigation as hereinabove referenced, Defendant has no valid, enforceable claims in and to the Monroe Right of Publicity to assert as against CMG.

28. Moreover, the use of the Monroe Images licensed by CMG as alleged by Defendant in Defendant's Correspondence constitutes fair use under the First Amendment to the United States Constitution because the Monroe images as used and / or licensed by One and CMG were used for creative content associated with the product in question as opposed to as the actual product itself.

29. Nevertheless there is an actual and justiciable controversy between the parties whether Defendant's assertions as against CMG and CMG's use licensing of the One Images as herein set forth.

30. Absent a declaration of non-infringement by CMG of Defendant's alleged rights in and to the Monroe Right of Publicity, Defendant will continue to assert that CMG has infringed and is infringing, or is otherwise violating, those rights and in this way will cause CMG a continuing and ongoing harm and damage.

31. CMG seeks a declaration that it has not infringed, is not infringing, and is not otherwise liable for any violation of any of Defendant's alleged rights in to the Monroe Right of Publicity.

## COUNT II
### (Declaration of No Unfair Competition)

32. CMG restates, realleges, and reiterates its allegations in paragraphs 1. through 31. as if fully set forth herein.

33. Defendant claims that despite the fact that Defendant possesses no valid, enforceable right of publicity rights in and to the name and likeness of Marilyn Monroe, Defendant possesses valid, enforceable trademark like rights in and to the name and likeness of the late Marilyn Monroe under 15 U.S.C. §1125(a) (the Lanham Act).

34. Defendant further claims that CMG's so-called alleged unauthorized activities in the licensing of the One Images constitutes an infringement of the rights in and to the name and likeness of Marilyn Monroe as claimed by Defendant under the Lanham Act.

35. In short, Defendant asserts that CMG has engaged in unfair competition under the common law and 15 U.S.C. section §1125(a) by, among other acts, failing to obtain Defendant's written consent before licensing the One Images to third party licensees because said use of the One Images will confuse consumers as to Defendant's association, sponsorship and / or

endorsement of the products and / or services bearing the One Images.

36. CMG has not engaged and / or is not engaging in activities that arises to unfair competition as alleged under the laws of the United States or the common law by Defendant and CMG is therefore not liable for unfair competition under those laws for CMG's alleged use of the One Images.

37. Moreover, the use of the Monroe Images as alleged by Defendant in Defendant's Correspondence constitutes fair use under the First Amendment to the United States Constitution because the Monroe images as used and / or licensed by One and CMG were used for creative content associated with the product in question as opposed to as the actual product itself.

38. There is an actual and justiciable controversy between the parties whether CMG has engaged in unfair competition with regard to its alleged use of the One Images.

39. Absent a declaration that CMG's conduct violates unfair competition law, Defendant will continue to assert that CMG has and is violating those laws and in this way will cause CMG ongoing and continuing harm and damage.

40. CMG seeks a declaration that it is not engaging in unfair competition by using the One Images.

## COUNT III
### (Declaration that the Monroe Right of Publicity Does Not Supersede One's Copyrights)

41. CMG restates, realleges, and reiterates its allegations in paragraphs 1. through 409. as if fully set forth herein.

42. Defendant claims that despite the fact that One owns valid, enforceable copyrights in and to the One Images and despite the fact that CMG has licensed and continues to license the

One Images to third party licensees with Defendant's knowledge and approval and pursuant to the One Agreement, Defendant's claims under the Lanham Act and / or the Monroe Right of Publicity supersede One's copyrights and CMG's agreement to license the same.

43. There is an actual and justiciable controversy between the parties whether CMG has infringed on Defendant's alleged rights in and to the name and image of Marilyn Monroe under the Lanham Act and pursuant to the Monroe Right of Publicity by CMG's use and third party licensing of the One Images.

44. Absent a declaration that CMG's licensing of the One Images does not violate Defendant's claims under the Lanham Act and / or pursuant to the Monroe Right of Publicity, Defendant will continue to assert that CMG has violated and is violating those laws and in this way will cause CMG ongoing and continuing harm and damage.

45. CMG seeks a declaration that they are not in violation of the alleged rights asserted by Defendant under the Lanham Act and pursuant to the Monroe Right of Publicity by licensing and / or using the One Images.

## COUNT IV
**(Declaration of No Breach of Contract under Indiana and New York State Law)**

46. CMG restates, realleges, and reiterates its allegations in paragraphs 1. through 45. as if fully set forth herein.

47. Defendant claims that CMG's use and third party licensing of the One Images constitutes breach of contract despite the fact that no agreement entered into between CMG, One, and / or Defendant prohibits CMG from licensing the One Images.

48. There is an actual and justiciable controversy between the parties whether CMG has

breached the Representation Agreement, the Termination Agreement, the Domain Transfer Agreement, and / or the Settlement Agreement by way of CMG's use and / or licensing of the One Images.

49.     Absent a declaration that CMG's use and / or licensing of the One Images does not constitute breach of contract, Defendant will continue to assert that CMG has breached the Representation Agreement, the Termination Agreement, the Domain Transfer Agreement, and / or the Settlement Agreement and in this way will cause CMG ongoing and continuing harm and damage.

50. CMG seeks a declaration that it has not breached Representation Agreement, the Termination Agreement, the Domain Transfer Agreement, and / or the Settlement Agreement by licensing and using the One Images.

## JURY DEMAND

51. CMG WORLDWIDE, INC. hereby demands a trial by jury on all issues to be properly tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CMG WORLDWIDE, INC. (CMG), by counsel Bonnie L. Mohr, hereby respectfully prays for judgment against Defendant The Estate of Marilyn Monroe ("Defendant") and requests that the Court:

1. Declare that CMG has not infringed, is not infringing, and is not otherwise liable for any perceived violation of Defendant's alleged rights in and to the name and / or likeness of the late Marilyn Monroe (the Monroe Right of Publicity);

2. Declare that CMG has not used, and is not using, the Monroe Right of Publicity in violation of unfair competition law;

3. Declare that the Monroe Right of Publicity as claimed by Defendant does not supersede One West's valid, enforceable copyrights in and to certain images of the late Marilyn Monroe;

4. Declare that CMG's actions, as alleged herein, do not arise to a cause of action for breach of contract under Indiana and / or New York state law;

5. Award CMG its reasonable attorneys' fees and costs; and

6. Award CMG all other and further relief as is just, necessary, and proper in the premises.

DATED:	March 21, 2012	Respectfully submitted,
	New York, New York

	/s/ *Bonnie L. Mohr*
	_____
	Bonnie L. Mohr (BM 4022)
	Law Office of Bonnie L. Mohr
	236 West 26th Street, Suite 303
	New York, New York 10001
	Telephone: 212-736-2624 x 13
	Facsimile: 212-981-0528
	E-Mail: bonnie@mohresq.com
	Attorney for CMG WORLDWIDE, INC.
	WIDE, INC.